[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11941
Non-Argument Calendar

_____

D. C. Docket No. 04-00018-CR-3-DHB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE BOYNTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 13, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Tyrone Boynton, who conditionally pleaded guilty to possessing with intent

to distribute fifty grams or more of cocaine base, 21 U.S.C. § 841(a)(1), appeals the denial of his motion to suppress. Boynton argues that police officers violated the Fourth Amendment when they searched his residence without a warrant. We affirm.

## I. BACKGROUND

In 1998, Boynton was sentenced in a Georgia court to ten years of supervised probation following his conviction for two counts of possessing cocaine with intent to distribute. As a term of his probation, Boynton agreed to attend a boot camp and undergo a period of intensive supervision that required him to "submit to a search of his person, residence, papers, and/or effects . . . at any time of the day or night with or without a search warrant whenever requested to do so by a Probation Supervisor or any law enforcement officer." Boynton also agreed that after he completed the intensive supervision, he would abide by general conditions of probation. The general conditions included the following search clause:

> Defendant shall submit his person, place of residence, vehicle or any area in which he claim[ed] a reasonable expectation of privacy, to search and seizure at any time of the day or night without regard to existence or non-existence of probable cause, with or without a search warrant, whenever requested to do so by a Probation Supervisor, a Probation Surveillance Officer or any law enforcement officer.

In 2004, after Boynton had tested positive for cocaine, officers in the

2

Sheriff's Department of Treutlen County, Georgia, received complaints that Boynton was involved in drug activities. Police officers and Boynton's probation officer observed a large number of people, including known drug users, visiting a house at 807 Wells Street, and Sheriff Thomas Corbin was told that drugs were being sold at the residence. Boynton's probation officer later learned that Boynton was living at 807 Wells Street, although Boynton had provided the officer a different home address. When questioned, Boynton told the probation officer that he stayed at the Wells Street residence on weekends. Sheriff Corbin also received complaints that Boynton was traveling to Atlanta on a weekly basis to purchase large quantities of cocaine. In March 2004, a police officer stopped Boynton's father and brother as they left the Wells Street residence and discovered in the father's possession a crack pipe and crack cocaine. Based on his belief that Boynton was selling crack cocaine, Sheriff Corbin decided to search Boynton's residence.

At 2:30 a.m. on April 2, 2004, officers knocked on the front door of 807 Wells Street. When they received no response, Sheriff Corbin walked inside and saw Boynton walk out of a bedroom in the back of the house. Sheriff Corbin read to Boynton the search clause in the general conditions of his probation. Sheriff Corbin searched the bedroom and discovered a black tote bag that contained crack

cocaine. Officers searched the whole house and discovered large quantities of cocaine and currency.

Boynton was indicted for possessing with intent to distribute 50 grams or more of crack cocaine. 21 U.S.C. § 841(a)(1). Boynton moved to suppress the evidence seized during the search of the house. He argued that officers conducted an illegal search of the Wells Street residence without a warrant and without Boynton's consent. Boynton argued that the search clause was "invalid" and did not "operate as a waiver of [his] Fourth Amendment rights." Boynton interpreted the clause to require him to "make . . . a waiver [of his rights under the Fourth Amendment] in the future if so requested" for which he would face a revocation of his probation if he "fail[ed] to make the waiver." Boynton also argued that he was no longer subject to the search clause after he was released from intensive probation.

After an evidentiary hearing, a magistrate judge recommended that the district court deny Boynton's motion to suppress. The magistrate found that Boynton had agreed that he would be subject to the search clause for the duration of his probation. The magistrate ruled that Boynton had waived the protections of the Fourth Amendment and, in the alternative, that the search was valid because the officers had a reasonable suspicion that Boynton was engaged in criminal activity.

4

Boynton objected to the recommendation.

The district court adopted the recommendation of the magistrate judge. The district court ruled that the "Fourth Amendment only protects <u>objectively reasonable</u> expectations of privacy" and Boynton had diminished expectations so long as he was "on probation" and " subject to a search clause." The district court rejected as "spurious" Boynton's "argument that he was either unaware of the search clause or that the search clause was no longer in effect at the time of the search."

## II. STANDARD OF REVIEW

On denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts <u>de novo</u>. <u>United States v. Ramirez</u>, 476 F.3d 1231, 1235 (11th Cir. 2007). We construe all facts in the light most favorable to the government. <u>Id.</u> at 1235–36.

## III. DISCUSSION

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. Because "[t]he touchstone of the Fourth Amendment is reasonableness, . . . the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes

upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" United States v. Knights, 534 U.S. 112, 118–19, 122 S. Ct. 587, 591 (2001) (quoting Wyoming v. Houghton, 526 U.S. 295, 300, 119 S. Ct. 1297 (1999)). The Supreme Court has recognized that a probationer may be subject to restrictions that diminish his reasonable expectations of privacy. Id. at 119–20, 122 S. Ct. at 591–92.

Boynton agreed to a term of probation that "significantly diminished [his] reasonable expectation of privacy[,]" id. at 120, 122 S. Ct. at 592, and made him subject to warrantless searches of his place of residence. The information acquired by officers gave them reason to suspect that Boynton was trafficking in crack cocaine. The district court did not err when it denied Boynton's motion to suppress.

Boynton's conviction is **AFFIRMED**.